## E. B. RALLS, ET AL., *v.* JOHN J. CROUCH, ET AL.

**Guardian and Ward—Unauthorized Payment to Guardian.**

Where a guardian enters into an unauthorized contract to sell the ward's land, and puts the purchaser into possession, the purchase price to be paid when the ward becomes of age and makes a deed, and the money is paid to the guardian before the ward arrives at age, such payment is made at the peril of the purchaser, and the ward is not bound to make a deed.

**Ratification of Contract by Ward.**

When the guardian has entered into an unauthorized contract agreeing that the ward will convey certain real estate when he becomes of age and receives the money, such ward may ratify the contract upon becoming of age, and is entitled to receive the purchase money upon tendering a deed, but he is not bound to look to his guardian for the money. Unless the purchaser will pay the money to him he is not entitled to a deed, and will be liable to the ward for rents of the land when he has had the possession thereof.

APPEAL FROM NICHOLAS CIRCUIT COURT.

May 30, 1878.

OPINION BY JUDGE PRYOR:

The appellants paid the money on this land contract to Thomas J. Crouch, when they knew or ought to have known that he was not entitled to receive it. When the purchase was made of the mother, who was the guardian of the appellee, all parties were cognizant of the fact that no title passed to the appellants by the sale, and it was expressly stipulated that no part of the purchase money was to be paid until the appellee arrived at age and made to these appellants a deed to the premises. They have had possession of the land from the time the contract was made, and were in a condition to have protected themselves by retaining the money as provided by the contract. The mother having died, they saw proper to pay this money to Thomas Crouch, who in the meantime had qualified as guardian, and by so doing placed themselves in a condition where they must surrender to the appellee the land or pay him the money. The mother, although guardian, was not invested with any right to sell, and if they had paid her the money the same consequences would have followed. It was not an official act of the guardian, and therefore neither she nor any subsequent guardian have the right as guardian to receive the money, and neither the ward nor the sureties in the guardian's bond are bound by such acts or liable for the money.

The infant, when he arrives at age, comes into a court of equity and offers to ratify the act of his mother upon receiving the money by making a general warranty deed, and the response is that the money has been paid to a subsequent guardian and he must ratify that act, or by election to take the money he has ratified the act of the guardian in receiving the money. In the first place the appellee proposes only to ratify the contract and make a deed upon the payment to him of the money, and this the appellants were compelled to do or surrender the land and account for rent. The infant is required in this action to elect whether he will pursue the appellants or his guardian, and he elects to look to them. The case of *Irvine v. McDowell*, 4 Dana 629, is conclusive of this case. There the infants and their guardian sold the land and the money was paid to the guardian. The surety in the guardian's bond was held not to be liable for the money. The court said the payment to the guardian was at the peril of the purchaser, and that the guardian

could not have rightfully received the money, that the act of the guardian was merely personal and not official.

It is true the infants, upon arriving at age, may ratify the act of the guardian, and if so are bound by it. But in this case the only ratification is upon the condition that the money is paid to him. It amounts to a ratification of the contract. In other words, the infant, on arriving at age, says: "You made a contract with my mother by which you agreed to pay so much money for my land upon my arriving at age and making you a deed. You have possession of the land under that contract; now I offer the deed and demand the money." The only defense is, that the money has been paid to some one else, and that the demand by the infant or adult is a ratification of that payment. We think otherwise, and the deed having been tendered and no question made as to the title, the judgment was proper. There is some doubt as to whether or not the action was prematurely brought, and the note exhibited by the appellants would indicate that the money was not due when the suit was brought. An amended petition, however, was filed without objection, and the only question for the appellant in the case is as to the costs up to the time of filing the amended petition. A motion was made requiring the appellee to pay the costs up to that time, but when the final judgment was rendered this question was overlooked. The judgment, however, settles the whole question of costs, and the appellants are required to pay it. No objection was made to the filing of the amendment, and the costs being for a trifling sum up to that time no reversal will be had on that account. The judgment below is therefore *affirmed* with damages.

*Hargis & Harrell, for appellants.*

*E. C. Phiester, Ross & Kennedy, for appellees.*